UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| MAETTA VANCE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. _____ |
| ) | |
| BALL STATE UNIVERSITY, ) | 1:06-cv-1452-SEB-VSS |
| WILLIAM KIMES, in his individual and ) | |
| official capacity as General Manager of ) | |
| Ball State University's Banquet and Catering ) | |
| Department, SAUNDRA DAVIS, in her ) | |
| Individual and official capacity as a ) | |
| supervising employee of Ball State ) | |
| University's Banquet and Catering ) | |
| Department, KAREN ADKINS, in her ) | |
| individual and official capacity as the ) | |
| Assistant Director of Administration/ ) | |
| Personnel/Marketing for residence Hall ) | |
| Dining Service at Ball State University, and ) | |
| CONNIE MCVICKER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Maetta Vance ("Vance"), by counsel, hereby brings this complaint against Defendants, Ball State University ("BSU"), William Kimes ("Kimes"), Saundra Davis ("Davis"), Karen Adkins ("Adkins") and Connie McVicker ("McVicker"), and in support thereof states:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. §1331 because there are claims arising under federal law; specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, 42 U.S.C. § 1981a, and 42 U.S.C. §1983.

968136                                    1

2. This Court has supplemental jurisdiction over Count IV under 28 U.S.C. § 1367 as the claim in Count IV is part of the same case and controversy which gave rise to the federal claims of Counts I-III.

3. This court has personal jurisdiction and venue over this matter as Vance is a resident of Delaware County, BSU is located in Delaware County, all individual parties to this Complaint are employed with BSU in Delaware County, and all matters to which this Complaint relates occurred at BSU in Delaware County.

## THE PARTIES

4. Vance resides in Delaware County at 720 W. Centennial Avenue, Apt. 5, Muncie, Indiana 47303 and is an employee of BSU.

5. Kimes is employed as a General Manager of the Banquet and Catering Department at BSU.

6. BSU is an Indiana state school located in Delaware County, Indiana, with a principal office located at 2000 W. University Avenue, Muncie, Indiana 47306.

7. The BSU Banquet and Catering Department is located on the grounds of BSU in Delaware County, Indiana.

8. Davis is employed by the Banquet and Catering Department at BSU where she is a supervisor.

9. McVicker is employed by the Banquet and Catering Department at BSU.

10. Adkins is employed as the Assistant Director of Administration/Personnel/Marketing for residence Halls Dining Service at BSU.

## THE FACTS

11. Vance is an African-American female.

12. On or about August 1989, Vance began working for the Banquet and Catering Department of BSU.

13. Vance began her employment as a waitress but has since been promoted to the position she currently holds of cook.

14. Since 1999 and as recently as April of 2006, Davis, who has served as Vance's co-worker and supervisor, has subjected Vance to discrimination and harassment on the basis of race.

15. While serving as Vance's co-worker, Davis has slapped Vance, threatened to inflict bodily harm upon Vance, and physically impeded Vance's exit from a work elevator.

16. While serving as Vance's supervisor, Davis made racial jokes in front of Vance.

17. McVicker, who operates a truck for the BSU Catering Department, has repeatedly subjected Vance to discrimination and harassment on the basis of race.

18. On or about November 8, 2005, McVicker called Vance a "monkey" at work. In addition to verbal attacks, McVicker continually follows, laughs, and stares at Vance.

19. Vance reported this harassment and discrimination to her supervisor, Bill Kimes, on more than one occasion.

20. Vance has further filed multiple complaints with the BSU Office of University Compliance.

21. Despite her complaints to both her supervisor and the university, she has observed no change in Davis or McVicker's behavior.

22. On October 6, 2005, Vance filed a complaint about the discrimination and harassment to the National Association for the Advancement of Color People ("NAACP").

23. On December 28, 2005, Vance timely filed a claim for race discrimination, gender discrimination, and age discrimination with the EEOC.

24. As a result of filing these complaints, Vance has been subjected to retaliation by her supervisor Kimes.

25. Kimes has treated Vance in a dissimilar manner in comparison with the rest of Banquet and Catering Department employees.

26. Since filing the complaint, Vance has been forced to perform additional tasks, work a disproportionate number of difficult shifts, and been the subject of a higher level of managerial scrutiny. In addition, Vance's hours have been decreased.

27. Vance has been overlooked for promotions she is more than qualified for while less qualified, less senior employees have been promoted.

28. Further, on or about June 2, 2006, Kimes physically obstructed Vance's exit from a room in the Banquet and Catering Department and screamed at her in the presence of other employees.

29. Vance reported the retaliation of Bill Kimes to Karen Adkins, the Assistant Director, Administration/Personnel/Marketing for residence Halls Dining Service at BSU.

30. Vance received her right to sue letter from the EEOC on July 27, 2006.

31. On August 10, 2006, Vance timely filed a claim for retaliation with the EEOC which included allegations of having been subjected to intimidation, racial harassment and a hostile environment.

## COUNT I

## RACIAL HARASSMENT-HOSTILE WORK ENVIRONMENT

32. Plaintiff for Count I of this Complaint against Defendants Kimes, Davis, and Adkins, in both their individual and official capacities, and BSU, incorporates by reference paragraphs 1-31 as if fully set out herein.

33. BSU is an "employer" as the term is defined in 42 U.S.C. §2000e(a-b).

34. Kimes, Davis and Adkins are agents of BSU, Vance's employer pursuant to 42 U.S.C. §2000e(b).

35. 42 U.S.C. 2000e-2(a) prohibits severe and pervasive workplace harassment based on an individual's race.

36. By and through the acts and statements more fully set out above, Vance was the victim of unwelcome, offensive, severe, and pervasive racial harassment by BSU employee McVicker, BSU employee and supervisor Davis and General Manager Kimes.

37. This harassment has unreasonably interfered with Vance's work performance creating an abusive, hostile work environment in violation of 42 U.S.C. § 2000e.

38. Although Vance has made multiple reports of this harassment to both her supervisors and the BSU Office of University Compliance, the harassment continues.

39. BSU has been made aware of this harassment on multiple occasions but have failed to correct the employee behavior.

40. BSU is liable for the racial harassment committed by its employees, under the doctrine of respondeat superior.

41. BSU is liable for the racial harassment committed by its supervisors, under the doctrine of respondeat superior.

42.  Kimes, Davis and Adkins are liable as supervisors/management personnel who had knowledge of the racial harassment abuse Vance suffered and failed to do anything to address such harassment.

43.  As a proximate result of these complaints and charges, Vance has suffered a constructive discharge in that a reasonable person would not continue to remain employed under these circumstances.

44.  Vance has also suffered damages as a proximate result of this racial harassment including, but not limited to, severe emotional distress, interference with her work performance, lost wages, medical expenses, inconvenience, and loss of enjoyment of life.

45.  Pursuant to 42 U.S.C. §2000e and 42 U.S.C. §1981a, Vance is entitled to compensatory damages, her reasonable attorney fees, and costs and expenses incurred as a result of this lawsuit.

## COUNT II

### RETALIATION

46.  Plaintiff for Count II of this Complaint against Defendants Kimes, Davis and Adkins, both individually and in their official capacities, and BSU incorporates by reference paragraphs 1-45 as if fully set out herein.

47.  BSU is an "employer" as the term is defined in 42 U.S.C. §2000e(a-b).

48.  Kimes, Davis and Adkins are agents of Vance's employer BSU.

49.  42 U.S.C. 2000e-3(a) provides it is unlawful for an employer to discriminate against an employee because that employee has opposed an employment practice made illegal by Title VII or made a charge under Title VII.

50. Vance has complained of the aforementioned harassment of Davis and McVicker to her supervisors, including Kimes, filed multiple reports with the BSU Office of University Compliance, filed a charge with the NAACP, and filed a charge with the EEOC.

51. As a proximate result of these complaints and charges, by and through the acts and statements of Kimes and other employees, as more fully set out above, Vance has been the subject of retaliation.

52. Also as a proximate result of these complaints and charges, by and through the acts and statements of Kimes and other employees, as more fully set out above, Vance has suffered a constructive discharge in that a reasonable person would not continue to remain employed under these circumstances.

53. This retaliation is reasonably related to and grows out of Vance's internal BSU complaints, NAACP complaint, and EEOC charge of December 28, 2005.

54. This retaliation is in violation of 42 U.S.C. § 2000e-3(a).

55. BSU is liable for retaliation committed by its supervisors, under the doctrine of respondeat superior.

56. Kimes, Davis and Adkins are liable because they personally participated in conduct which constitutes retaliation in violation of 42 U.S.C. § 2000e-3(a) and/or as supervisors/managers who had knowledge of the racial harassment abuse Vance suffered and failed to do anything to address such harassment.

57. As a proximate result of this retaliation, Vance has suffered damages including, but not limited to, severe emotional distress, lost wages, medical expenses, inconvenience, and loss of enjoyment of life.

58.     Pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981a, Vance is entitled to compensatory damages, her reasonable attorney fees, and costs and expenses incurred as a result of this lawsuit.

## COUNT III

## VIOLATION OF 42 U.S.C. § 1983

59.     Plaintiff for Count III of this Complaint against Defendants Kimes, Davis, and Adkins, in both their individual and official capacities, and McVicker and BSU incorporates by reference paragraphs 1-58 as if fully set out herein.

60.     The Fourteenth Amendment to the United State Constitution provides that:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

61.     Kimes, Davis, Adkins, McVicker and BSU deprived Plaintiff of her right to equal protection under the laws as secured by the Fourteenth Amendment to the United States Constitution and did so under color of a statute, ordinance, regulation, custom, and/or usage of the State of Indiana.

62.     A private right of action is provided for this claim. 42 U.S.C. § 1983.

63.     Kimes, Davis, Adkins and McVicker are persons and BSU is a state entity pursuant to 42 U.S.C. §1983.

64.     Kimes is employed as a General Manager by Ball State University, an Indiana state school, and serves as Vance's supervisor.

65.     Davis is a supervising employee at BSU's Banquet Catering Department, and serves as Vance's supervisor.

66. Adkins is an Assistant Director of Administration/Personnel/Marketing for residence Hall Dining Service at BSU and/or serves as Vance's supervisor.

67. McVicker is an employee at BSU's Banquet Catering Department Dining Service at Ball State University,

68. By and through their acts of racial discrimination, harassment and retaliation as more fully set out above, Kimes, Davis and McVicker deprived Vance of her Fourteenth Amendment right to equal protection under the laws.

69. Adkins is liable to Vance for her violation of 42 U.S.C. § 1983 because she is a supervisor with knowledge of Vance's harassment who failed to exercise her authority to prevent further violations of Vance's right to equal protection under the laws and to be free from racial harassment.

70. BSU is liable to Vance for violation of 42 U.S.C. § 1983 as Vance's employer and the employer of the individuals who discriminated against her.

71. As proximate result of Kimes, Davis, Adkins, McVicker and BSU's violation of 42 U.S.C. §1983, Vance has suffered injuries including, but not limited to, severe emotional distress, lost wages and compensation, medical expenses, and other pain and suffering.

72. Pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment, Vance is entitled to compensatory damages and costs and expenses incurred as a result of this lawsuit.

73. Plaintiff is also entitled to an award of reasonable attorneys' fees necessarily incurred in this action. 42 U.S.C. § 1988.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1981

74. Plaintiff for Count IV of this Complaint against Defendants Kimes, Adkins and Davis, in both their individual and official capacities, BSU and McVicker incorporate by reference paragraphs 1-73 as if fully set out herein.

75. Kimes, Davis, BSU, Adkins and McVicker's conduct violates 42 U.S.C. § 1981 *et seq.* (42 U.S.C. § 1981"), which prohibits discrimination in the making and enforcing of contracts.

76. Kimes, Davis, BSU, Adkins and McVicker's conduct constitutes constructive discharge in that a reasonable person would not continue to remain employed under the conditions placed upon Vance by Kimes, Davis, BSU, Adkins and McVicker.

77. As more fully set out above, Kimes, Davis, BSU and McVicker discriminated, harassed and retaliated against Vance on the basis of her race.

78. Adkins knew that Vance was being discriminated against and facilitated, approved, condoned, and/or turned a blind eye to such discriminatory conduct.

79. As a result of Kimes, Adkins, Davis, BSU and McVicker's violations of 42 U.S.C. § 1981, Vance has been substantially damaged.

80. Kimes, Adkins, Davis, BSU and McVicker's conduct was willful and intentional; therefore Vance is entitled to punitive damages.

81. Pursuant to 42 U.S.C. § 1981, Vance is entitled to an award of attorneys' fees, including expert fees and costs and expenses of this lawsuit. 42 U.S.C. § 1988.

## COUNT V

## INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS

82. Plaintiff for Count V of this Complaint against Defendant Kimes and Davis, in both their individual and official capacities, BSU and McVicker incorporates by reference paragraphs 1-67 as if fully set out herein.

83. Kimes, Davis and McVicker, by and through their actions as more fully set out above, intentionally inflicted severe emotional distress upon Vance.

84. Kimes, Davis and McVicker's treatment of Vance was extreme and outrageous in form, by nature of Kimes and Davis' positions as Vance's supervisors, by nature of Vance's visible reactions, and because, on at least one occasion, she asked Kimes, Davis and McVicker to stop.

85. Kimes, Davis and McVicker's egregious treatment of Vance constitutes intentional infliction of emotional distress.

86. Kimes, Davis and McVicker are therefore individually liable to Vance for the infliction of emotional distress upon her.

87. BSU, as their employer, is vicariously liable to Vance for Kimes, Davis and McVicker's intentional inflection of emotional distress upon Vance.

88. As a proximate result of Kimes, Davis and McVicker's commission of infliction of emotional distress upon Vance, Vance has suffered injuries including, but not limited to, severe emotional distress, lost wages and compensation, medical expenses, inconvenience, and loss of enjoyment of life.

89. As a result of the violation of this tort, Vance is entitled to compensatory and punitive damages.

WHEREFORE, Vance respectfully requests a judgment against Defendants for compensatory damages, for punitive damages, for attorney fees, for costs of this matter, and for all other proper relief.

### JURY DEMAND

Plaintiff, Maetta Vance, by counsel, respectfully requests and demands a trial by jury of all issues triable of right by jury.

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN,
Professional Corporation

By: _____
Mark Waterfill, 10935-49

DANN PECAR NEWMAN & KLEIMAN
Professional Corporation
One American Square, Suite 2300
Indianapolis, IN 46282
(317) 632-3232
(317) 632-2962 facsimile

*Attorney for Plaintiff*