UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAETTA VANCE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:06-cv-1452-SEB-JMS |
| | ) | |
| BALL STATE UNIVERSITY, WILLIAM | ) | |
| KIMES, in his individual and official | ) | |
| capacity as General Manager of Ball State | ) | |
| University's Banquet and Catering | ) | |
| Department, SAUNDRA DAVIS, in her | ) | |
| individual and official capacity as a | ) | |
| supervising employee of Ball State | ) | |
| University's Banquet and Catering | ) | |
| Department, KAREN ADKINS, in her | ) | |
| individual and official capacity as the | ) | |
| Assistant Director of Administration/ | ) | |
| Personnel/Marketing for Residence Hall | ) | |
| Dining Service at Ball State University, and | ) | |
| CONNIE MCVICKER, | ) | |
|     Defendants. | ) | |

**ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANTS'
PARTIAL MOTION TO DISMISS**

This cause is before the Court on Defendants' Partial Motion to Dismiss [Docket No. 52], filed November 1, 2007, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, Maetta Vance, brings her claim against her employer, Ball State University ("Ball State"), Connie McVicker, a fellow employee, and Bill Kimes, General Manager of Ball State's Banquet and Catering Department, Saundra Davis, a supervising employee, and Karen Adkins, Assistant Director of Administration/

Personnel/Marketing for Residence Hall Dining Services at Ball State, in their individual and official capacities, for their allegedly discriminatory actions towards her based on her race (African-American), which she claims created a hostile work environment, and for allegedly retaliating against her for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, 42 U.S.C. § 1983, and 42 U.S.C. § 1981.  Ms. Vance also alleges that Defendants are liable for intentional infliction of emotional distress.

Defendants claim that the Complaint is facially defective in eight ways.  They contend that: (1) pursuant to the doctrine of sovereign immunity, Ball State is not amenable to suit under 42 U.S.C. § 1983; (2) for the same reason, Ball State employees are not subject to suit in their official capacities under § 1983; (3) Ball State is not subject to a suit for damages pursuant to 42 U.S.C. § 1981; (4) the defendants may are not amenable to suit in their individual capacities under § 1981 because Ms. Vance did not have an employment contract with any of the individual defendants; (5) supervisory employees are not subject to suit pursuant to Title VII; (6) Ms. Vance can make no claims for constructive discharge because, as the Complaint states, she is currently still employed by Ball State; (7) neither Ball State nor the individual defendants are amenable to suit for intentional infliction of emotional distress because Ms. Vance failed to provide notice of tort claim as required by the Indiana Tort Claim Act ("ITCA"), Ind. Code § 34-13-3-8; and (8) the individually-named employees are entitled to immunity under the ITCA, Ind. Code § 34-13-3-5, because the Complaint effectively alleges that all were acting in the

course and scope of their employment when they allegedly committed the misconduct attributed to them.  For the reasons detailed in this entry, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendants' Partial Motion to Dismiss.

## Factual Background

In August 1989, Ms. Vance began working as a waitress for the Banquet and Catering Department of Ball State.  Compl. ¶¶ 12-13.  Ms. Vance was later promoted to the position of cook, which is the position she currently holds.  <u>Id.</u> ¶ 13.  Ms. Vance alleges that, from 1999 through April 2006, she has been subjected to discrimination and harassment on the basis of her race by various individuals in the workplace.  <u>Id.</u> ¶ 14.  Throughout that time period, Defendant, Saundra Davis, has been Ms. Vance's co-worker and, more recently, her supervisor.  <u>Id.</u>  Ms. Vance claims that, while serving as her co-worker, Ms. Davis slapped Ms. Vance, threatened to inflict bodily harm upon her, and physically impeded Ms. Vance's exit from a work elevator.  <u>Id.</u> ¶ 15.  Additionally, Ms. Vance alleges that, while acting as supervisor, Ms. Davis made racial jokes in front of Ms. Vance.  <u>Id.</u> ¶ 16.

Ms. Vance also contends that she has been harassed and subjected to discrimination by Connie McVicker, who operates a truck for the Ball State Catering Department.  <u>Id.</u> ¶ 17.  According to Ms. Vance, on November 8, 2005, Ms. McVicker, during working hours, called her a "monkey."  <u>Id.</u> ¶ 18.  Ms. Vance claims that not only has she been subjected to Ms. McVicker's verbal attacks, but that Ms. McVicker

"continually follows, laughs, and stares" at her. Id. Ms. Vance contends that she has reported the alleged harassment and discrimination to her supervisor, Bill Kimes, on more than one occasion and has also filed multiple complaints with the Ball State Office of University Compliance. Id. ¶¶ 19-20. However, despite these complaints, Ms. Vance asserts that there has been no change in Ms. Davis or Ms. McVicker's behavior. Id. ¶ 21.

On October 6, 2005, Ms. Vance filed a complaint with the National Association for the Advancement of Colored People ("NAACP") and, on December 28, 2005, she filed a claim for race, gender, and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶¶ 22-23. As a result of these filings, Ms. Vance contends that she has been treated differently than the rest of the Banquet and Catering Department employees and has been subjected to retaliation by her supervisor, Mr. Kimes. Id. ¶¶ 24-25. On June 2, 2006, according to Ms. Vance, Mr. Kimes physically obstructed her exit from a room in the Banquet and Catering Department and yelled at her in the presence of other employees. Id. ¶ 28. Further, Ms. Vance alleges that she has been overlooked for promotions that she is qualified for, while less-qualified, more junior employees have been promoted. Id. ¶ 27. Additionally, she contends that she has been forced to perform added tasks, work a disproportionate number of difficult shifts, had her hours decreased, and been subjected to a higher level of managerial scrutiny. Id. ¶ 26. As a result, on August 10, 2006, Ms. Vance filed an additional claim for retaliation with the EEOC, including allegations that she was subjected to intimidation, racial harassment, and a hostile work environment. Id. ¶ 31. Ms. Vance

filed her Complaint in this action on October 3, 2006.

## Legal Analysis

### I.     Standard of Review

Defendants' motion, pursuant to Rule 12(b)(6), seeks the dismissal of this action for failure to state a claim upon which relief may be granted. A party moving to dismiss bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage], the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). Thus, we may grant the dismissal only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S.Ct. at 1974. However, as the Seventh Circuit has recently recognized, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that 'raise a right to relief above the speculative level.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (internal citations omitted). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant. Lee v. City of Chicago, 330 F.3d 456,

459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Defendants also contend that one or more of Ms. Vance's claims should be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).  When ruling upon such a motion, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff."  St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999)).  Additionally, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Id.  Dismissal is proper only if the plaintiff cannot establish any set of facts that would legally entitle him or her to the relief sought.  Baker v. Indiana Family & Soc. Servs. Admin., 260 F.Supp.2d 731, 734 (S.D. Ind. 2003) (Barker, J.).

**II.     Uncontested Issues on Motion to Dismiss**

In their briefings on this motion, the parties each waived various issues; thus, we address those uncontested issues first.  In her briefing, Ms. Vance abandoned the following claims: (1) any claims for monetary damages against Ball State, pursuant to 42 U.S.C. § 1983; (2) any claims for monetary damages against Ball State, pursuant to 42 U.S.C. § 1981; (3) any claims for monetary damages against any of the four individually-named defendants in each of their individual or personal capacities, pursuant to 42 U.S.C. § 1981; (4) any claims against the four individually-named defendants in each of their

individual or personal capacities pursuant to Title VII; (5) any claims that allege "constructive discharge"; (6) any claims, pursuant to the ITCA against the four individually-named defendants in their individual or personal capacities, as they were acting in the scope of their employment when the alleged misconduct took place. Because Ms. Vance concedes that these claims should be dismissed, we GRANT Defendants' motion to dismiss as to these claims.

Additionally, Defendants concede that for purposes of this motion for partial dismissal,[1] Ms. Vance has articulated a viable cause of action for individual liability against the four individually-named defendants, pursuant to § 1983. Consequently, we DENY Defendants' motion to dismiss as to this claim.[2]

### III. Contested Issues on Motion to Dismiss

#### A. Injunctive Relief

The issue of injunctive relief did not arise in this case until Defendants filed this motion, challenging, *inter alia*, Ms. Vance's § 1983 and § 1981 claims for damages against Defendants, primarily upon sovereign immunity grounds. In response to the motion, Ms. Vance conceded that her claims for damages against all Defendants, pursuant

---

[1] Defendants further address this issue in their motion for summary judgment, which is currently pending before this court.

[2] After resolving the uncontested issues above, the only issues that remain for the Court to address on this motion are: (1) Ms. Vance's claims for injunctive relief against all Defendants, pursuant to § 1981 and § 1983; and (2) Ms. Vance's intentional infliction of emotional distress claim against Defendant Ball State.

to § 1983, and against Ball State, pursuant to § 1981, were barred. However, she contended for the first time in her response that, although she could not seek damages, because she had alleged facts sufficient to support an "official" capacity claim against all Defendants in her complaint, she could seek injunctive relief, as the doctrine of sovereign immunity does not bar claims against state officials that seek injunctive relief.

It is undisputed, however, that Ms. Vance has not requested injunctive relief under either statute in her complaint.[3] As explained above, Ms. Vance first raised this argument in her briefing on this motion. Thus, Defendants contend that her failure to plead an adequate basis for injunctive relief justifies dismissal of these claims, pursuant to Rule 12(b)(6). Ms. Vance rejoins that her failure to specifically request such relief in her complaint is not fatal to her remaining § 1981 and § 1983 claims because Rule 54(c) of the Federal Rules of Civil Procedure allows a court to grant parties all the relief to which they are entitled, regardless of whether those parties have requested such relief in their pleadings. See Fed. R. Civ. Pro. 54(c).[4]

It is true that the Seventh Circuit has held that Rule 54(c) "has been liberally

---

[3] In her complaint, Ms. Vance alleges only that, pursuant to § 1983, she is entitled to "compensatory damages and costs and expenses incurred" as well as "reasonable attorneys' fees" and that, pursuant to § 1981, she is entitled to "punitive damages" and "an award of attorneys' fees, including expert fees and costs and expenses." Compl. ¶¶ 72-73, ¶¶ 80-81. There is no reference to or request for injunctive relief.

[4] Rule 54(c) provides that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. Pro. 54(c).

construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved. This includes injunctive relief when appropriate, and even when not specifically requested." Kaszuk v. Bakery and Confectionery Union and Indus. Int'l Pension Fund, 791 F.2d 548, 559 (7th Cir. 1986). However, as Defendants note, the key distinction lies in the words "on the facts proved." The purpose of Rule 54(c) is to provide a plaintiff with all the relief to which he or she is entitled, *by virtue of having proved the claim for particular relief in the course of the action as litigated by the parties*, even though it was not pleaded in the complaint. See Felce v. Fiedler, 974 F.2d 1484, 1501 (7th Cir. 1992). Thus, Rule 54(c) is not a substitute for a motion to amend the pleadings.

    Here, there was no indication that Ms. Vance intended to seek injunctive relief against Defendants until Defendants moved to dismiss her claims seeking monetary damages. It was only then that Ms. Vance contended that she was also requesting some kind of injunctive relief, pursuant to § 1983 and § 1981. Additionally, the period within which to timely request to amend the pleadings has long passed.[5] District courts in the Seventh Circuit have dismissed claims for injunctive relief because the plaintiff has failed to plead one or more of the grounds necessary to establish a basis for injunctive relief. E.g., Randle v. City of Chicago, 2000 WL 1536070 (N.D. Ill. October 17, 2000) (holding

---

[5] The Case Management Plan [Docket No. 22] approved by then-presiding Magistrate Judge Shields provides that motions to amend pleadings were to be submitted on or before March 5, 2007. See CMP ¶ III-D.

that merely reciting the "magic words" suggesting an entitlement to injunctive relief is not enough to survive motion to dismiss). Here, Ms. Vance included no allegations sufficient to put Defendants on notice that there was a possibility that she was requesting injunctive relief, pursuant either to § 1983 or § 1981, let alone the nature of that claim. Thus, we GRANT Defendants' Partial Motion to Dismiss as to the claims seeking injunctive relief, pursuant to § 1983 and § 1981.

### B. Intentional Infliction of Emotional Distress

Defendants contend that Ms. Vance's intentional infliction of emotional distress claim against Ball State should be dismissed because Ms. Vance failed to file notice of the tort claim within 180 days after the alleged tort occurred, in violation of the ITCA. Ind. Code § 34-13-3-8(a). Ball State asserts that the filing of such notice is jurisdictional and, therefore, Ms. Vance's claim is subject to dismissal, pursuant to Rule 12(b)(1). Ms. Vance concedes that tort suits in Indiana, including her suit against Ball State and its employees, are governed by the ITCA. However, she rejoins that, although she did not file an official notice of tort claim, her attorney did submit on June 5, 2006, a complaint letter to Sali Falling, the Ball State University Executive Director of University Compliance, which Ms. Vance claims satisfies the temporal notice requirements of the ITCA and substantially complies with the substantive notice requirements of the statute.

Under Indiana law, a plaintiff's showing of "substantial compliance" with the ITCA is sufficient to withstand a motion to dismiss. Ammerman v. State, 627 N.E.2d

10

836, 838 (Ind. Ct. App. 1994) ("[T]he failure to strictly comply with the [ITCA] is not fatal to a claim if the plaintiff substantially complied with the notice provisions."). The burden is on the claimant to establish substantial compliance. Irwin Mortg. Corp. v. Marion County Treasurer, 816 N.E.2d 439, 446 (Ind. Ct. App. 2004) (citing Indiana Dep't of Highways v. Hughes, 575 N.E.2d 676 (Ind. Ct. App. 1991)). Ultimately, what constitutes substantial compliance is a question of law, but that determination requires a fact-specific analysis. Chandradat v. State, Indiana Dep't of Transp., 830 N.E.2d 904, 912 (Ind. Ct. App. 2005).

In determining whether this burden has been met, Indiana courts look to the purpose of the notice requirements, which is "to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine its possible liability, and prepare a defense to the claim." Garnelis v. Indiana State Dep't of Health, 806 N.E.2d 365, 368 (Ind. Ct. App. 2004) (quoting Indiana Dep't of Transp. v. Shelly & Sands, Inc., 756 N.E. 2d 1063, 1076 (Ind. Ct. App. 2001)). Generally, it is sufficient if notice is filed within the required time period that "informs the municipality of the claimant's intent to make a claim, and contains sufficient information which reasonably affords the political subdivision an opportunity to promptly investigate the claim." Irwin Mortg. Corp., 816 N.E.2d at 446 (citing Howard County Bd. Of Comm'rs v. Lukowiak, 810 N.E.2d 379, 382 (Ind. Ct. App. 2004)).

### 1.    Temporal Notice Requirements

The ITCA provides that "a claim against a political subdivision is barred unless notice is filed . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a). The requirement that notice be given within the 180-day time period is strictly construed. Daugherty v. Dearborn County, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). "[T]he cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered than an injury had been sustained as a result of the tortious act of another." Byrd v. Plaiss, 2007 WL 529277, at *3 (Ind. Ct. App. 2007) (quoting Wehling v. Citizen's Nat'l Bank, 586 N.E.2d 840, 843 (Ind. 1992)).

Ms. Vance claims that she "sustained ongoing and continuous emotional and physical injuries from 1999 through the filing of the Complaint in October 2006." Pl.'s Resp. at 14. Thus, she contends that her attorney's June 5, 2006, letter provided Ball State notice within 180 days of her injuries as required by the ITCA. Defendants dispute this characterization, rejoining that Ms. Vance's June 5 complaint to Ball State refers to the allegations contained in her EEOC charge as the substantive basis for sending the letter, and, because the most recent date that Ms. Vance contended discrimination took place in the EEOC charge was October 6, 2005 – 219 days before the attorney's letter –, Ms. Vance's notice is outside the 180-day period.

Assuming that Ms. Vance has alleged a continuous violation that persisted through October 2006 and has established that the June 5, 2006, letter was received within the

180-day time period required by the ITCA, it is not necessary for us to make a definitive determination regarding the timeliness of the notice, because the letter Ms. Vance's attorney sent to Ball State failed to satisfy the notice requirements under the ITCA for another reason, as described below.

### 2. Substantive Notice Requirements

Even if Ms. Vance's letter met the 180-day time period requirement, it was still not sufficient to provide notice as required by the ITCA because it failed to inform Ball State that she intended to assert a tort claim. See Rickets v. State, 720 N.E.2d 1244, 1246 (Ind. Ct. App. 1999) ("In order to constitute substantial compliance, the notice must not only inform the State of the facts and circumstances of the alleged injury but *must also advise of the injured party's intent to assert a tort claim.*").  Indiana courts often dismiss claims in which plaintiffs, although in compliance with other ITCA provisions (identifying themselves as the claimant, identifying the time and nature of the loss, and requesting some kind of relief), fail to communicate an intent to assert a tort claim. E.g., Ricketts v. State, 720 N.E.2d 1244 (Ind. Ct. App. 1999); Bienz v. Bloom, 674 N.E.2d 998 (Ind. Ct. App. 1996).

Here, the letter sent to Ball State by Ms. Vance's attorney did identify Ms. Vance as the aggrieved party and set forth facts regarding the individuals involved in the alleged discrimination.  However, it never stated, nor even alluded to, any intent to assert a tort claim against Ball State.  The only type of relief that Ms. Vance's counsel requested was

unrelated to legal action and the correspondence contained no statement regarding further steps that Ms. Vance might decide to take if Ball State failed to take the action requested in the letter.[6] Therefore, while the content of the letter may have led Ball State to anticipate that Ms. Vance might file a Title VII claim if it did not comply with her demands, it provided no notice that Ms. Vance might assert any type of tort claim. Thus, although the June 5 letter may have been sufficiently definite as to the time, place, and nature of Ms. Vance's alleged injuries, it did not communicate an intent to assert a tort claim. Accordingly, we must <u>GRANT</u> Defendants' Partial Motion to Dismiss as to the intentional infliction of emotional distress claim against Ball State because Ms. Vance failed to provide adequate notice within the 180-day period as required by the ITCA.

## IV. Conclusion

In sum, Defendants have abandoned their argument challenging Ms. Vance's claim for monetary damages, pursuant to § 1983, against the four individually-named defendants, in their individual capacities; thus, we <u>DENY</u> Defendants' Partial Motion to Dismiss as to that claim. Additionally, because Ms. Vance conceded the following arguments in her briefing on this motion, we <u>GRANT</u> Defendants' Partial Motion to Dismiss as to: (1) any claims for monetary damages against Ball State, pursuant to 42

---

[6] Following a description of the alleged discrimination, the June 5 letter states in relevant part: "As this discrimination is negatively affecting Mrs. Vance's health and job performance, please take this letter as a formal request for you to cease and desist in employing Mr. Kimes and Sandra [sic] Davis in a supervisory capacity over Mrs. Vance and in employing Mrs. McVicker in the same department as Mrs. Vance." Exh. 1.

U.S.C. § 1983; (2) any claims for monetary damages against Ball State, pursuant to 42 U.S.C. § 1981; (3) any claims for monetary damages against any of the four individually-named defendants in each of their individual or personal capacities, pursuant to 42 U.S.C. § 1981; (4) any claims against the four individually-named defendants in each of their individual or personal capacities, pursuant to Title VII; (5) any claims that alleged "constructive discharge"; (6) any claims, pursuant to the ITCA against the four individually-named defendants in their individual or personal capacities, as they were acting in the scope of their employment when the alleged misconduct took place.  Finally, for the reasons detailed above, we GRANT Defendants' Partial Motion to Dismiss as to Ms. Vance's claims for injunctive relief, pursuant to § 1983 and § 1981, against all Defendants and her intentional infliction of emotional distress claim against Defendant, Ball State, for failure to provide proper notice as required by the ITCA.  IT IS SO ORDERED.

Date:  _____02/15/2008_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Lester H. Cohen
DEFUR VORAN
lhcohen@charter.net

Raegan Mackenzie Gibson
DANN PECAR NEWMAN & KLEIMAN
rgibson@dannpecar.com

David E Kress Jr.
DANN PECAR NEWMAN & KLEIMAN PC

dkress@dannpecar.com

Shawn A. Neal
DE FUR, VORAN, HANLEY, RADCLIFF & REED, LLP
sneal@defur.com

Brian M. Pierce
DEFUR VORAN HANLEY RADCLIFF & REED
bpierce@defur.com

Scott E. Shockley
DEFUR VORAN
sshockley@defur.com

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com